## INDUSTRIAL COMMISSION v GARY

Oho Appeals, 2nd Dist, Clark Co

No 309.   Decided Oct 11, 1932

Gilbert Bettman, Attorney General, Columbus, R. R. Zurmehly, Ass't Attorney General, Columbus, and Orville B. Ware, Prosecuting Attorney, Springfield, for plaintiff in error.

Cowan, Adams & Adams, Columbus, for defendant in error.

ALLREAD, J.

This is not a strong case.   The doctor who treated John Gary testified that when he was discharged on August 19th that he was completely cured from the injury, but the testimony of Dr. Brundage, who was called as an expert witness, laid the foundation for the origin of the trouble which caused the death of John Gary to the accident.   This was supplemented by the testimony of the widow to the effect that her husband, John Gary, was not completely cured of the trouble and that the subsequent trouble which resulted in his death was traced by her to the injury. It is claimed by counsel for the Industrial Commission that the evidence offered by the widow and by Dr. Brundage did not make out even a prima facie case that the disease of which John Gary died resulted from the accident.

Counsel for the defendant in error relied upon the recent case of **Industrial Commission v Schick, 125 Oh St, 419.**   It is true that the Schick case had more tangible evidence connecting the death of the employe with the accident than the case at bar, but the question is whether in the case at bar there was any evidence to submit to the jury.   We think the Schick case would support the view that there was some testimony and that the trial court was right in submitting the case to the jury.

The only remaining question is whether the evidence as presented is sufficient to support the verdict.   While the case is not strong or conclusive, we think there was sufficient evidence to justify the verdict.

There being no prejudicial error in the record, the judgment of the Court of Common Pleas is therefore affirmed.

HORNBECK and KUNKLE, JJ, concur.